IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRISTIE ANN EASTRIDGE                                          PETITIONER


v.                              5:05CV00117 SWW-JFF


LARRY NORRIS, Director,
Arkansas Department of
Correction                                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

        The following recommended disposition has been sent to United States District

Court Judge Susan Webber Wright.  Any party may serve and file written objections to

this recommendation. Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically identify

that finding and the evidence that supports your objection.  An original and one copy

of your objections must be received in the office of the United States District Court

Clerk  no  later  than  eleven  (11)  days  from  the  date  of  the  findings  and

recommendations. The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

        If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

District Judge, you must, at the same time that you file your written objections, include

the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends, *inter alia*, that the State's conduct in re-incarcerating her, after she completely served her sentence pursuant to her admission into the Arkansas Department of Correction's ("ADC") Boot Camp Program, successfully completed the program, and was released from prison, violates her Fifth Amendment and Fourteenth Amendment right not to be placed twice in jeopardy. For the reasons that follow, the Magistrate Judge undersigned recommends that Petitioner's claims be dismissed with prejudice.

On June 19, 2000, Petitioner appeared in Independence County, Arkansas,

Circuit Court and entered a negotiated plea of guilty to use or possession with intent to use drug paraphernalia to manufacture methamphetamine, possession of ephedrine weighing more than five grams, and possession of ephedrine with intent to manufacture methamphetamine. She was sentenced to a total of 120 months' imprisonment in the ADC.

After entering the ADC, Petitioner applied for entrance into the ADC's Boot Camp Program. The ADC accepted her into the program, and she was transferred to the ADC's Boot Camp in Pine Bluff, Arkansas. Petitioner completed the Boot Camp Program and was released on parole from the ADC on January 8, 2001. Respondent alleges that after the ADC discovered that Petitioner "had been mistakenly paroled without having been required to comply with the sentencing requirements of Ark. Code Ann. § 16-93-611," the ADC had her returned to its custody on April 16, 2004. Respondent asserts that Petitioner's conviction for "possession of drug paraphernalia with intent to manufacture methamphetamine" required her to serve, pursuant to Ark. Code Ann. § 16-93-611, seventy percent of her sentence before being eligible for parole or community punishment transfer, "which is in direct conflict with the early release aspects of the Department's Boot Camp Program."

On April 20, 2005, Petitioner filed the pending § 2254 petition in this Court raising the following grounds for relief:

I.      Petitioner is in custody in violation of her rights under the Fourteenth Amendment and *Santobello v. New York*[1] because she fully performed under the constitutional contract entered into with the State and is being denied the benefit of her bargain with the State pursuant to that contract;

---

[1] 404 U.S. 257 (1971).

II.     The State's conduct in re-incarcerating Petitioner, after she completely served her sentence pursuant to her admission into the Boot Camp Program, successfully completed the program, and was released from prison, violates her Fifth Amendment and Fourteenth Amendment right not to be placed twice in jeopardy;

III.    Petitioner is in custody in violation of the Eighth Amendment's ban on cruel and unusual punishment since she successfully completed the Boot Camp Program and has thus completely served her sentence of imprisonment; and

IV.    Petitioner's guilty plea was not knowingly, intelligently, or voluntarily entered and was entered as a result of ineffective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments.

On May 18, 2005, the Respondent filed a response to Petitioner's habeas petition. On February 23, 2007, Petitioner was released on parole from the ADC. She currently is being supervised on parole and will remain under supervision until February 23, 2010.

On August 7, 2007, Petitioner filed a notice of withdrawal of Claim IV, her claim that her guilty plea was not knowingly, intelligently, or voluntarily entered and was entered as a result of ineffective assistance of counsel. See docket entry # 9. In the notice, Petitioner states that she "withdraws and abandons Claim IV." The Respondent has voiced no objection to Petitioner's withdrawal and abandonment of Claim IV. The Magistrate Judge construes the notice of withdrawal as a motion to voluntarily dismiss Claim IV *with prejudice*. Rule 41(a)(2) of the Federal Rules of Civil Procedure governs voluntary dismissals after the defendant has filed an answer or motion for summary judgment. Rule 41(a)(2) applies in habeas corpus cases. *See Clark v. Tansy*, 13 F.3d 1407, 1411-13 (10th Cir. 1993); *Doster v. Jones*, 60 F. Supp. 2d 1258, 1259 (M.D. Ala. 1999). Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's

instance save upon order of the court and upon such terms and conditions as the court deems proper." "Unless otherwise specified in the order," a dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2). A decision under Rule 41(a)(2) is committed to the "sound discretion" of the district court. *Witzman v. Gross*, 148 F.3d 988, 991-92 (8th Cir. 1998). The principal consideration is whether the dismissal would prejudice the defendant. *See Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987); *Schwarz v. Folloder*, 767 F.2d 125, 129 (1st Cir. 1985).

The Magistrate Judge finds that the Respondent will not suffer prejudice if the Court dismisses Claim IV with prejudice. Accordingly, the Magistrate Judge recommends that Petitioner's motion to voluntarily dismiss Claim IV with prejudice be granted and that Claim IV be dismissed with prejudice.

In Claim I, Petitioner contends that she is in custody in violation of her rights under the Fourteenth Amendment and *Santobello v. New York* because she fully performed under the constitutional contract entered into with the State and is being denied the benefit of her bargain with the State pursuant to that contract. Petitioner asserts that the State "offered her admission into the boot camp program, with a corresponding promise that she would be released upon her successful completion of that program," and that she accepted the State's offer and "rendered full performance pursuant to the agreement." Petitioner alleges that although the State initially released her from prison as it was obligated to do pursuant to the agreement, the State later breached the agreement by returning her to prison.

In Claim II, Petitioner contends that the State's conduct in re-incarcerating her,

after she completely served her sentence pursuant to her admission into the Boot Camp Program, successfully completed the program, and was released from prison, violates her Fifth Amendment and Fourteenth Amendment right not to be placed twice in jeopardy. Petitioner contends that the State clearly has imposed multiple punishments for the same offense: (1) the rigorous Boot Camp Program and (2) her re-incarceration and re-imposition of several additional years of incarceration.

In Claim III, Petitioner argues that she is in custody in violation of the Eighth Amendment's ban on cruel and unusual punishment since she successfully completed the Boot Camp Program and has thus completely served her sentence of imprisonment.

The only relief that Petitioner seeks on Claims I, II, and III is that the Court order her "unconditionally discharged from her unconstitutional confinement." Petitioner is no longer confined, and the only relief to which Petitioner would be entitled if the Court concluded that Claim I, Claim II, or Claim III had merit, or that all three claims had merit, would be release on parole from the ADC, the same status that she enjoyed after she completed the Boot Camp Program and was released from the ADC on January 8, 2001, and the same status that she currently enjoys. After Petitioner was re-incarcerated in 2004 upon the ADC's discovery that it had mistakenly released her on parole, Petitioner again was released on parole on February 23, 2007. She will remain under supervision on parole until February 23, 2010. Petitioner has not alleged, nor submitted any evidence showing, that her time on supervision was increased because of the ADC's conduct in re-incarcerating her. Under the circumstances, the Magistrate

Judge finds that Claims I, II, and III are moot and recommends that the claims be dismissed with prejudice. *Cf. Tracy v. Jeter*, No. 4:03CV00534 JMM-JFF (E.D. Ark. July 29, 2004) (adopting recommendation that the petitioner's § 2241 petition challenging the Bureau of Prisons' policy denying the use of community correction centers as a substitute for imprisonment be dismissed with prejudice as moot since the petitioner had already received the relief he sought, *i.e.*, transfer to a community correction center); *Boyce v. Ashcroft*, 268 F.3d 953, 954 (10th Cir. 2001) (holding that habeas petition was moot where the petitioner had been transferred to another prison, which was precisely the relief he sought); *Watts v. Petrovsky*, 757 F.2d 964, 965-66 (8th Cir. 1985) (holding that habeas petition challenging the Parole Commission's decision setting the petitioner's re-parole date became moot upon the petitioner's release on parole).

THEREFORE, the Magistrate Judge recommends that Petitioner's motion to voluntarily dismiss Claim IV with prejudice be granted, that Claim IV be dismissed with prejudice, and that Claims I, II, and III be dismissed with prejudice as moot.

Dated this 11th day of October, 2007.


        /s/ John F. Forster, Jr.
UNITED STATES MAGISTRATE JUDGE